[Civ. No. 8281.   Third Dist.   Oct. 13, 1953.]

ROBERT SHELLEY, as Executor, etc., Appellant, v. WILLIAM C. NICHOLS, Respondent.

Barr & Hammond for Appellant.

Hancock, Elkington & Rothert for Respondent.

VAN DYKE, P. J.—Plaintiff-appellant is the executor of the will of Helene I. Nichols and defendant-respondent is her surviving husband. On March 6, 1945, and while they were husband and wife and living apart, they executed a document

entitled "Property Settlement Agreement." Various dispositions of property were therein made, but we are mainly concerned on this appeal with the meaning of a paragraph reading as follows: "Husband agrees to pay wife commencing June 1, 1945, the sum of $25.00 per month as and for a property settlement until wife reaches the age of sixty-five (65) years. This payment is not made as alimony and is to be made by husband to wife regardless of whether or not she remarries." The wife died about nine years before she would have reached the age of 65 years and respondent has refused to make payments under said paragraph to appellant, claiming that the agreement does not require him to do so.

This action was brought by appellant to have the paragraph of the contract in issue construed, claiming that it required that the payments continue until Mrs. Nichols would have reached the age of 65 had she lived. The trial court, deeming the language of the contract sufficiently uncertain to justify it, received evidence as to the circumstances surrounding the execution of the instrument and as to the conduct of the parties under it. The court decreed that the obligations of respondent to make the stipulated payments ceased on the death of the wife. Plaintiff appeals.

Appellant contends that it was error to receive evidence other than the writing, but with this contention we cannot agree. We think the language used was susceptible of the construction given to it by the court or of the contrary construction contended for by appellant and therefore it was proper for the court to receive the evidence objected to.

". . . When the language used is fairly susceptible to one of two constructions, extrinsic evidence may be considered, not to vary or modify the terms of the agreement but to aid the court in ascertaining the true intent of the parties . . . , not to show that 'the parties meant something other *than* what they said' but to show 'what they meant *by* what they said' . . . Where any doubt exists as to the purport of the parties' dealings as expressed in the wording of their contract, the court may look to the circumstances surrounding its execution—including the object, nature and subject matter of the agreement . . .—as well as to subsequent acts or declarations of the parties 'shedding light upon the question of their mutual intention at the time of contracting' . . . " (*Barham* v. *Barham,* 33 Cal.2d 416, 422, 423 [202 P.2d 289].)

In support of what has been said attention is called to the following with respect to the language of the instrument: It is not specifically stated that the payments are to continue beyond the death of the wife; it is not specifically stated that any sum certain in gross is to be paid; it is stated that the payments are to be made *to the wife* and the benefits of the obligation do not in terms run to her heirs or assigns; there was a division of property, each party receiving part of what the two owned and it was stated that the monthly payments were not to be considered as alimony but were made as a part of a property settlement. From these things we think that the question of the meaning of the contract is fairly susceptible to either of the two constructions contended for and that it was necessary and proper for the court to resort to parol evidence. When this evidence was received the following appeared: The wife both before and after the execution of the agreement had declared that she insisted upon the monthly payments provided for in the agreement in order to assure her support until she attained the age of 65 years, at which time she would be eligible for old-age pension and would not need this aid. She further stated that she did not want the payments for her maintenance to be referred to as alimony as she objected to that term. The attorney who drafted that agreement corroborated this testimony, but stated further that the effect of the wife's death prior to her attaining the age of 65 was not specifically discussed. Appellant introduced evidence, saving his objections that the issue was not the proper subject of parol testimony, to the effect that the wife had stated that the husband had squandered her money and that reimbursement thereof was the purpose of the monthly payments. When the instrument is considered in connection with the parol evidence received we think there was presented to the trial court a question of fact as to its meaning, and that the trial court has resolved this upon evidence which substantially supports its conclusion.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.